**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN WEBB,<br><br>*Plaintiff,*<br><br>v.<br><br>HARD ROCK HOTEL & CASINO ATLANTIC CITY, BOARDWALK 1000, LLC, JOHN DOES 1-100,<br><br>*Defendants.* | HONORABLE KAREN M. WILLIAMS<br><br>Civ. No. 23-2181 (KMW) (EAP)<br><br>**OPINION** |

APPEARANCES:

Stephen Michael Di Stefano, Esq.
Michael Foster, Esq.
**STARK & STARK**
401 ROUTE 73 NORTH
SUITE 130
MARLTON, NJ
08053

*Attorneys for Plaintiff*


Joseph D. Deal, Esq.
Russell L. Lichtenstein, Esq.
**COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA**
1415 ROUTE 70 EAST
CHERRY HILL PLAZA
SUITE 305
CHERRY HILL, NJ 08034

*Attorneys for Defendants*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter comes before the Court on Defendant Boardwalk 1000, LLC d/b/a Hard Rock Hotel & Casino Atlantic City's ("Defendant") Motion for Summary Judgment (ECF No. 43, "MSJ Br.") pursuant to Fed. R. Civ. P. 56. The Motion is opposed by Plaintiff Brian Webb ("Plaintiff"), who claims that Defendant is liable for negligence in an alleged personal injury he sustained at its hotel. (ECF No. 50, "Opp.") For the reasons set forth below, Defendant's Motion is **GRANTED**.[1]

## II. FACTUAL BACKGROUND

This action stems from an incident that Plaintiff alleges to have occurred at the Hard Rock Hotel & Casino Atlantic City on June 8, 2021. (Defendant's Statement of Undisputed Material Facts ("SUMF") ¶ 1.) Plaintiff alleges that on that date, "while inside a hotel room, [he] was struck by a falling door causing injury to [him]." (Compl., ¶ 7.) Plaintiff alleges that the incident occurred due to Defendant's negligence. (*Id.*)

That night, Plaintiff booked a one-night stay at Defendant's hotel. (SUMF ¶ 2.) At approximately 9:00 p.m., Plaintiff entered his hotel guest room, which contained a two-mirrored sliding door to the room's closet. (*Id.* ¶¶ 3, 6.) Within two minutes of entering his room—while Plaintiff was bending over to get his duffle bag—Plaintiff's buttocks contacted one of the doors, causing it to immediately fall onto Plaintiff's head and neck. (*Id.* ¶ 7.) Plaintiff testified that he did not see anything that led him to believe the closet door was not on its track prior to him hitting it with his buttocks. (*Id.* ¶ 10.)

Plaintiff admits that when the closet door struck him, it did not knock him to the floor. (*Id.* ¶ 9.) Plaintiff moved the door after the incident, then went downstairs to report the incident to Hard

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

Rock security. (*Id.* ¶¶ 8, 11.) Hard Rock Security Supervisor Matthew Capiro prepared an incident report, which noted that Plaintiff told him that he bent over to put his luggage down and his backside hit the closet door, which came down on him. (*Id.* ¶ 12.) Capiro went to Plaintiff's guest room, noted the closet door was propped up against a wall, and took photographs of the door that he attached to his report. (*Id.*)

Plaintiff asserts one cause of action against Defendant, for negligence. (Compl., ¶¶ 8-9.) Plaintiff has not retained a liability expert in this matter. (*See* SUMF ¶ 13.) Plaintiff admits to all paragraphs of Defendant's SUMF in part or in full. (Opp. at 6-7.) For those paragraphs Plaintiff claims to deny in part, he does not cite to any portion of the record supporting his denial.[2]

## III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

---

[2] The Court notes that Plaintiff has failed to comply with Local Rule 56.1 because he fails to cite to the record in support of his partial denials of Defendant's Statement of Undisputed Material Facts ("SUMF"). "This failure . . . entitles the Court to deem undisputed each statement of fact that Plaintiff disputed without citing to the record."*Bulboff v. King Aircraft Title, Inc.*, No. 19-18236, 2021 WL 1186822, at *1 (D.N.J. Mar. 30, 2021); *see also McDougald v. Twp. of Franklin*, No. 15-7095, 2017 WL 6065177, at *2 (D.N.J. Dec. 7, 2017) (noting that "any statement, or portion thereof, that is not clearly denied—in substance, not merely with the label 'disputed'—and with a proper citation to the record in a responsive Rule 56.1 statement is deemed admitted.").

3

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Quincy Mut. Fire Ins. Co. v. Scripto USA*, 573 F. Supp. 2d 875, 878 (D.N.J. 2008) (quoting *Liberty Lobby*, 477 U.S. at 250).

## IV.   DISCUSSION

### a. Plaintiff Cannot Prove a *Prima Facie* Case of Negligence by Direct Evidence.

To prevail on a claim of negligence under New Jersey law, a plaintiff must prove: (1) that the defendant had a duty of care, (2) the defendant breached its duty of care, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). Concerning the first prong, "[i]t is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in

4

the best position to prevent harm." *Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 729 (D.N.J. 2016) (internal quotation marks omitted).

Defendant argues that Plaintiff cannot prove it breached a recognized duty of care to Plaintiff. (MSJ Br. at 1-6.) Defendant does not dispute that it owed Plaintiff, as a business invitee, a duty to exercise reasonable care to render the premises safe. While Defendant owes a duty of ordinary care to its invitees, "[i]t is not an insurer for the safety of its patrons." *Znoski v. Shop-Rite Supermarkets, Inc.*, 300 A.2d 164, 165 (N.J. Super. Ct. App. Div. 1973). Rather, a "business invitee, such as a retail customer or hotel guest, [is] owed a 'duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered.'" *Maran v. Victoria's Secret Stores, LLC*, 417 F. Supp. 3d 510, 521 (D.N.J. 2019) (quoting *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 434 (1993)). Thus, to prevail on his negligence claim, Plaintiff is required to show that Defendant breached that duty. *See Smith v. Whittaker*, 160 N.J. 221, 235 (1999).

Here, the Court finds that Plaintiff has failed to present any evidence that a dangerous condition or defect existed with respect to his hotel room's closet door. Moreover, Plaintiff has not retained an expert to opine on any alleged defect with the door that may have predisposed it to falling on Plaintiff when his buttocks contacted it. For this reason alone, Plaintiff cannot prove by direct evidence the existence of a dangerous condition with respect to the closet door, which is necessary to establish that Defendant breached a duty of care owed to him.

Defendant further argues that even if a dangerous condition were present with respect to the door, Plaintiff's negligence claim fails because Defendant did not have knowledge of any issue with Plaintiff's closet doors. (MTD Br. at 6-7.) To establish a breach of the duty of care, a plaintiff

must prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003).

Concerning Defendant's actual knowledge, the Court finds that Plaintiff has not produced any evidence that Defendant or its employees either saw or knew of an issue with the closet door or were otherwise alerted to such an issue. *See Kurc v. All Star One*, No. A-3316-16T1, 2018 WL 1865397, at *2 (N.J. Super. Ct. App. Div. Apr. 19, 2018) (finding that plaintiff failed to submit any evidence of employees' actual knowledge of dangerous condition). Plaintiff has produced no evidence that Defendant created the dangerous condition regarding the closet door with respect to its installation or maintenance. Plaintiff's Complaint offers only the conclusory assertion that Defendant had "actual or constructive notice" of a dangerous condition but does not allege any grounds supporting this contention. (Compl., ¶ 8.) Without more, the Court finds that Plaintiff fails to demonstrate Defendant's actual knowledge of a dangerous condition with respect to the closet door.

Next, the Court considers whether Plaintiff has adduced sufficient evidence to establish Defendant's constructive knowledge of a dangerous condition with respect to the closet door. "Constructive knowledge refers to notice that a particular condition existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner/occupier been reasonably diligent." *Kempf v. Target Corp.*, No. 06–1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing *Parmenter v. Jarvis Drug Store*, 48 N.J. Super. 507, 510 (App. Div. 1957)). However, the "mere [e]xistence of an alleged dangerous condition is not constructive notice of it." *Arroyo v. Durling Realty, LLC*, 433 N.J. Super. 238, 243 (App. Div. 2013) (internal quotation marks omitted). "The key fact in determining constructive notice is the length of time that the hazard was present." *Garcia v. Walmart, Inc.*, No. 17-03118, 2021 WL 754006, at *5 (D.N.J. Feb.

6

26, 2021). "The period of time sufficient to prove a defendant's constructive knowledge also depends on the characteristics of and surrounding the dangerous condition." *Yazujian v. PetSmart*, No. 13-06202, 2016 WL 4408817, at *9 (D.N.J. Aug. 16, 2016).

Here, Plaintiff offers nothing to suggest that any issue with the closet door existed and that he was not the sole cause of the incident, let alone that an issue with the door existed for a sufficient time to establish Defendant's constructive notice of the condition, "no matter how diligent its employees." *Jackson v. Shoprite of Ewing, Saker Shoprites, Inc.*, No. A-3267-18T2, 2019 WL 7369792, at *2 (N.J. Super. Ct. App. Div. Dec. 31, 2019) (holding that a period of three minutes is an insufficient duration to place a business owner on constructive notice of a dangerous condition); *see also Cheatham v. Wal-Mart Stores E., LP*, No. 20-12711, 2022 WL 16922138, at *3 (D.N.J. Nov. 10, 2022) (holding that a period of three minutes and fifteen seconds is insufficient to establish constructive notice of dangerous condition). Plaintiff offers no evidence that the closet door was actually in a dangerous condition when he arrived. Nor has Plaintiff produced an expert to opine on any industry standard as to the frequency and scope of inspections Defendants should have conducted with respect to its hotel guest room closet doors for a reasonable jury to find Defendant should have discovered a dangerous condition with respect to the closet door. Notably, Plaintiff himself did not notice any issue with the doors before his buttocks contacted them.

Accordingly, Plaintiff has failed to demonstrate that Defendant "had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia*, 818 A.2d at 316. "To stave off summary judgment, Plaintiff must come forward with more than 'bare assertions, conclusory allegations or suspicions.'" *Edwards v. Harrah's Atl. City Operating, LLC*, No. 21-05546, 2023 WL 3173372, at *4 (D.N.J. Apr. 30, 2023) (quoting *Fireman's Ins. Co. of Newark v.*

7

*DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). Plaintiff has not done so here, and he thus fails to establish that Defendant breached its duty of care.

### b. Plaintiff Cannot Prevail on a Theory of *Res Ipsa Loquitor.*

Plaintiff argues that in the absence of any direct evidence, the doctrine of *res ipsa loquitur* nonetheless enables Plaintiff to make out a *prima facie* case of negligence. (Opp. at 19-27.) Under New Jersey law, *res ipsa loquitur* is "an evidentiary rule that governs the adequacy of evidence in some negligence cases." *Myrlak v. Port Auth. of N.Y. and N.J.*, 157 N.J. 84, 95 (1999), *certif. denied*, 167 N.J. 89 (2001). "When the rule applies, it permits an inference of negligence that can satisfy the plaintiff's burden of proof, thereby enabling the plaintiff to survive a motion to dismiss at the close of his or her case . . . The inference, however, does not shift the burden of proof." *Jovic v. Legal Sea Foods, LLC*, No. 16-01586, 2018 WL 5077900, at *2 (D.N.J. Oct. 18, 2018) (quoting *Eaton v. Eaton*, 119 N.J. 628, 638 (1990)). The there are three predicates for the application of the doctrine, which are that "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." *Iwanicki v. Bay State Milling Co.*, No. 11–1792, 2011 WL 6131956, *14 (D.N.J. Dec. 7, 2011).

Here, the Court finds that Plaintiff cannot invoke the doctrine of *res ipsa loquitur* to prove his negligence claim. First, the Court finds that a sliding closet door falling off its track upon contact does not ordinarily bespeak negligence on the part of the owner of the premise. Whether an accident bespeaks negligence "depends on the balance of probabilities." *Jerista v. Murray*, 185 N.J. 175, 192 (2005) (quoting *Buckelew v. Grossbard*, 87 N.J. 512, 525 (1981)). "'[A] plaintiff need not exclude all other possible causes of an accident' to invoke the *res ipsa* doctrine, provided that the circumstances establish 'that it is more probable than not that the defendant's negligence

8

was a proximate cause of the mishap.'" *Id.* (quoting *Brown v. Racquet Club of Bricktown*, 95 N.J. 280, 289 (1984). Here, Plaintiff has not established that the balance of probabilities demonstrates that the closet door falling upon contact with Plaintiff's buttocks bespeaks negligence on the part of Defendant.

The Court further finds that Plaintiff cannot establish that the instrumentality of the incident—the closet door—was in Defendant's exclusive control when the incident occurred. *See id.* "The application of *res ipsa loquitur* is not precluded when defendant relinquishes control of the instrumentality which causes the accident, provided the instrumentality has not been improperly handled by someone after defendant relinquishes control." *Alhababi v. Caesar's New Jersey, Inc.*, No. A-3605-22, 2025 WL 815955, at *3 (N.J. Super. Ct. App. Div. Mar. 14, 2025) (quoting *Hillas v. Westinghouse Elec. Corp.*, 120 N.J. Super. 105, 113 (App. Div. 1972)). In *Cantres v. Harrah's Resort Atlantic City*, No. 74116, 2018 WL 6347568, at *4 (N.J. Super. L. Feb. 16, 2018), the court found that the plaintiff could not apply the doctrine of *res ipsa loquitur* to prove that his slip-and-fall in his hotel room was the result of the hotel's negligence because he could not establish that the hotel was in the exclusive control of his room as he occupied it. Here, Plaintiff does not allege or argue, and offers no proof, that an agent of Defendant was in his hotel room with him when the door fell. Rather, the hotel room was in Plaintiff's control at the time of the incident.

Finally, it is undisputed that Plaintiff was at least partially responsible for causing the door to fall, as it did so only upon his buttocks contacting it. As previously noted, Plaintiff's failure to properly object to Defendant's SUMF permits the Court to deem admitted Defendant's contention that Plaintiff caused the door to fall on his head when he hit it with his buttocks. (SUMF ¶ 7); *see Bulboff*, 2021 WL 1186822, at *1. Even accepting Plaintiff's improper objection to that fact, Plaintiff

9

himself only disputes that he was the "sole cause" of the door falling—he does not dispute that the door fell upon his contacting it. (*See* Opp. at 6.) Thus, the undisputed material facts show that Plaintiff's injury was caused, at least in part, by his own "voluntary act or neglect." *See Iwanicki*, 2011 WL 6131956, *14.

Accordingly, the Court finds that Plaintiff cannot establish any of the three fundamental predicates for the doctrine of *res ipsa loquitur* to apply.

## V.   CONCLUSION

For all the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

Dated: May 14, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE